

FILED IN CHAMBERS
U.S.D.C. Atlanta

JUN 2 9 2016

JAMES N. HATTEN, Clerk
By:
                Deputy Clerk

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA | Criminal Indictment |
| *v.* | No.  **1 : 1 6 C R 2 4 3** |
| NATHAN VANBUREN |  |

THE GRAND JURY CHARGES THAT:

### COUNTS ONE and TWO
*(Wire Fraud - 18 U.S.C. §§ 1343 & 1346)*

1.  From in or about July 2015 to September 2015, in the Northern District of Georgia and elsewhere, defendant NATHAN VANBUREN devised and intended to devise a scheme and artifice to defraud and deprive the City of Cumming, Georgia, and its citizens of their rights to his honest and faithful services through bribery and the concealment of material information, and in so doing, knowingly caused to be transmitted by means of wire communications in interstate and foreign commerce certain writings, signs, and signals.

#### Background

2.  From approximately August 2008 to September 2015, VANBUREN served as a police officer with the Cumming Police Department, in Cumming, Georgia – ultimately, attaining the rank of sergeant.

3.  As a sworn police officer, VANBUREN owed a duty to provide honest services to the Cumming Police Department and to the citizens of Cumming, Georgia.

4. The Georgia Crime Information Center ("GCIC") database is maintained by the Georgia Bureau of Investigation and is interconnected and shares information with the National Crime Information Center ("NCIC"). The NCIC is a computerized index of criminal justice information, including active warrants and criminal history, operated by the Federal Bureau of Investigation ("FBI") and made available to law enforcement agencies nationwide. GCIC and NCIC contain information about motor vehicle registrations and license plate information. The FBI is a federal agency.

5. As a Cumming Police Officer, VANBUREN had access to information contained in GCIC and NCIC databases, and was authorized to possess and use information from those databases. However, that authorization was limited to legitimate law enforcement purposes.

Scheme to Defraud

6. In or about July 2015, VANBUREN, in his official capacity as a police officer, responded to call at a citizen's home in Cumming, Georgia.

7. In July and August 2015, VANBUREN and the citizen had additional communications. During those communications, VANBUREN falsely stated that his wages were being garnished and that he had incurred substantial financial debt from medical and surgical expenses for his ill son.  In fact and in truth, VANBUREN's salary was not being garnished and his son was neither ill nor had surgery.

8. VANBUREN repeatedly asked the citizen for money. At the time of his solicitations, VANBUREN knew that the citizen had pending criminal charges with the City of Cumming.

2

9. On or about August 5, 2015, VANBUREN told the citizen that he needed a "loan" for approximately $15,350 to settle his debts.

10. Based on the request for money, the citizen reported VANBUREN's actions to law enforcement and the citizen agreed to cooperate with law enforcement.

11. On or about August 21, 2015, the citizen provided VANBUREN with $5,000 in response to VANBUREN's repeated requests for money. During that meeting, the citizen requested law enforcement information from VAN BUREN. Specifically, the citizen asked VANBUREN to determine whether a particular woman was actually an undercover law enforcement officer. VAN BUREN agreed to have the woman's license plate number searched to see if she was an undercover police officer.

12. On or about August 24, 2015, VANBUREN sent a text message asking the citizen whether he had "the info for me," meaning VANBUREN wanted to know whether the citizen had the woman's license plate number.

13. On or about August 31, 2015, the citizen sent VANBUREN text messages containing the license plate number that was purportedly being used by the woman, so that VAN BUREN could run the plate number. VANBUREN replied to the citizen's text messages with a request for money for having the license plate number searched.

14. On or about August 31, 2015, the citizen provided VANBUREN with $1,000 in exchange for VAN BUREN's agreement to have the license plate number searched.

15. On or about September 2, 2015, VANBUREN unlawfully searched the NCIC database for information about the license plate number the citizen provided.

Execution of the Scheme to Defraud

16. On or about the dates set for below, in the Northern District of Georgia, defendant, NATHAN VANBUREN, for the purpose of executing the aforementioned scheme and artifice to defraud and deprive the City of Cumming, Georgia, and its citizens of their rights to his honest and faithful services through bribery and the concealment of material information, did knowingly transmit and cause to be transmitted by means of wire communications in interstate and foreign commerce certain writings, signs, and signals, that is the interstate wire communications, listed below:

| COUNT | DATE | DESCRIPTION OF WIRE COMMUNICATION |
|---|---|---|
| 1 | 8/31/2015 | Text message from VANBUREN's cellular telephone to A.A.'s cellular telephone seeking payment for searching the NCIC database |
| 2 | 9/2/15 | VANBUREN initiated a NCIC database inquiry by requesting information on a license plate number |

All in violation of Title 18, United States Code, Sections 1343 and 1346.

## COUNT THREE
### *Computer Fraud - 18 U.S.C. 1030(a)(2)(B)*

17. The Grand Jury re-alleges and incorporates by reference paragraphs 2 through 15 of this Indictment as if fully set forth herein.

18. On or about September 2, 2015, in the Northern District of Georgia and elsewhere, the defendant NATHAN VANBUREN, did intentionally access a computer without authorization and did exceed authorized access, and did thereby obtain information from a department and agency of the United States, that is, the defendant did exceed his authorized access to the NCIC network, for

4

private financial gain, in violation of Title 18, United States Code, Sections 1030(a)
(2) (B), (c) (2) (B) (i).

## Forfeiture Provision

19. Upon conviction of one or more of the offenses alleged in Counts
One through Three of the Indictment, the Defendant, NATHAN VANBUREN,
shall forfeit to the United States pursuant to Title 18, United States Code, Sections
981(a)(1)(C) and 1029(c)(2) and Title 28, United States Code, Section 2461, any
property, real or personal, which constitutes or is derived from proceeds traceable
to the honest services wire fraud offenses or computer fraud offense including, but
not limited to, the following:

- MONEY JUDGMENT:   A sum of money in United States currency
  representing the amount of proceeds obtained as a result of the offenses.

A _____ *True* _____ BILL

_____
FOREPERSON

JOHN A. HORN
*United States Attorney*

JEFFREY A. BROWN
 *Assistant United States Attorney*
Georgia Bar No. 088131
600 U.S. Courthouse
75 Ted Turner Drive, S.W.
Atlanta, GA 30303
404-581-6000

5