ORIGINAL

FILED IN OPEN COURT
U.S.D.C. Atlanta

APR 25 2017

JAMES N. HATTEN, Clerk
By: Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br>*v.*<br>NATHAN VANBUREN | Criminal Indictment<br>No. 1:16-CR-243<br>(First Superseding) |

THE GRAND JURY CHARGES THAT:

**COUNTS ONE and TWO**
***(Wire Fraud - 18 U.S.C. §§ 1343 & 1346)***

1. From in or about July 2015 to September 2015, in the Northern District of Georgia and elsewhere, defendant NATHAN VANBUREN knowingly devised and intended to devise a scheme and artifice to defraud and deprive the citizens of the City of Cumming, Georgia, and the Cumming Police Department of the intangible right of his honest services through bribery and the concealment of material information, and in so doing, transmitted and caused to be transmitted by means of wire and radio communications in interstate commerce certain writings, signs, and signals.

Background

2. From approximately August 2008 to September 2015, VANBUREN served as a police officer with the Cumming Police Department, in Cumming, Georgia – ultimately, attaining the rank of sergeant.

3. As a sworn police officer, VANBUREN owed a duty to provide honest services to the Cumming Police Department and to the citizens of Cumming, Georgia.

4. The Georgia Bureau of Investigation (GBI) maintains the Georgia Crime Information Center (GCIC) computerized database. GCIC's database is connected with and shares information with the National Crime Information Center (NCIC). The NCIC is a computerized index of criminal justice information, including active warrants and criminal history, maintained by the Federal Bureau of Investigation (FBI) as part of the Criminal Justice Information System (CJIS) maintained in Clarksburg, West Virginia. GCIC and NCIC contain information about motor vehicle registrations and license plate information. The FBI is a federal agency.

5. As a Cumming Police Officer, VANBUREN had access to information contained in GCIC and NCIC databases, and was authorized to possess and use information from those databases. However, that authorization was limited to legitimate law enforcement purposes.

<u>Scheme to Defraud</u>

6. In or about June 2015, VANBUREN, in his official capacity as a police officer, responded to call at A.A.'s home in Cumming, Georgia. A.A. was arrested for furnishing alcohol to a minor.

7. In July and August 2015, VANBUREN and A.A. had additional communications. During those communications, VANBUREN falsely stated that his wages were being garnished and that he had incurred substantial financial debt from medical and surgical expenses due to his son's spinal fusion surgery. In fact and in truth, VANBUREN's wages were not being garnished and his son did not have spinal fusion surgery.

8. VANBUREN repeatedly asked A.A. for money. At the time of his initial solicitations, VANBUREN knew that A.A. had pending criminal charges with the City of Cumming.

9. Based on the request for money, A.A. reported VANBUREN's actions and agreed to cooperate with law enforcement.

10. On or about August 5, 2015, VANBUREN told A.A. that he needed a "loan" for approximately $15,350 to settle his debts.

11. On or about August 21, 2015, A.A. provided VANBUREN with $5,000 in response to VANBUREN's repeated requests for money. During that meeting, A.A. requested law enforcement information from VAN BUREN. Specifically, A.A. asked VANBUREN to determine whether a particular woman was actually an undercover law enforcement officer. VAN BUREN agreed to have the woman's license plate number searched to determine if she was an undercover police officer.

12. On or about August 31, 2015, A.A. sent VANBUREN text messages containing the license plate number that was purportedly being used by the woman, so that VANBUREN could run the plate number. VANBUREN replied to the citizen's text messages with a request for money for having the license plate number searched.

13. On or about August 31, 2015, the citizen provided VANBUREN with $1,000 in exchange for VAN BUREN's agreement to have the license plate number searched.

14. On or about September 2, 2015, VANBUREN unlawfully searched the GCIC and NCIC database for information about the license plate number the citizen provided.

Execution of the Scheme to Defraud

15. On or about the dates set for below, in the Northern District of Georgia and elsewhere, defendant, NATHAN VANBUREN, for the purpose of executing and attempting to execute the aforementioned scheme and artifice to defraud and deprive the citizens of the City of Cumming, Georgia, and the Cumming Police Department of the intangible right of his honest services through bribery and the concealment of material information, transmitted and caused to be transmitted by means of wire and radio communications in interstate commerce certain writings, signs, and signals, that is the interstate wire and radio communications, listed below:

| COUNT | DATE | DESCRIPTION OF WIRE COMMUNICATION |
|---|---|---|
| 1 | 8/31/2015 | Text message from VANBUREN's cellular telephone to A.A.'s cellular telephone seeking payment for searching the GCIC database. |
| 2 | 9/2/2015 | VANBUREN initiated a GCIC database inquiry by requesting information on license plate number PKP1568. |

All in violation of Title 18, United States Code, Sections 1343, 1346 and 1349.

**COUNT THREE**
***Computer Fraud - 18 U.S.C. 1030(a)(2)(C)***

16. The Grand Jury re-alleges and incorporates by reference paragraphs 2 through 14 of this Indictment as if fully set forth herein.

17. On or about September 2, 2015, in the Northern District of Georgia and elsewhere, the defendant NATHAN VANBUREN, did intentionally exceed authorized access to the GCIC database, a protected computer, which is used in or

affecting interstate commerce or communication, in order to obtain information regarding, license plate number PKP1568, for private financial gain, in violation of Title 18, United States Code, Sections 1030(a)(2)(C), (c)(2)(B)(i).

**Forfeiture Provision**

18. Upon conviction of one or more of the offenses alleged in Counts One through Three of the Indictment, the Defendant, NATHAN VANBUREN, shall forfeit to the United States pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 1029(c)(2) and Title 28, United States Code, Section 2461, any property, real or personal, which constitutes or is derived from proceeds traceable to the honest services wire fraud offenses or computer fraud offense including, but not limited to, the following:

- MONEY JUDGMENT: A sum of money in United States currency representing the amount of proceeds obtained as a result of the offenses.

A True BILL

Donna Kirk

FOREPERSON

JOHN A. HORN
*United States Attorney*

JEFFREY A. BROWN
*Assistant United States Attorney*
Georgia Bar No. 088131
600 U.S. Courthouse
75 Ted Turner Drive, S.W.
Atlanta, GA 30303
404-581-6000