IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL INDICTMENT |
| v. | : | |
| | : | NO. 1:16-CR-243-ODE-JFK |
| | : | |
| NATHAN VAN BUREN | : | |

## GOVERNMENT'S MOTION IN LIMINE TO ADMIT AS EVIDENCE AUDIO RECORDED CONVERSATIONS BETWEEN DEFENDANT NATHAN VAN BUREN AND ANDREW ALBO

COMES NOW, the UNITED STATES OF AMERICA ("Government"), through its counsel John A. Horn, United States Attorney for the Northern District of Georgia, and Jeffrey A. Brown, Assistant United States Attorney, and hereby submits its Motion in Limine to Amit as Evidence Audio Recorded Conversations Between Defendant Nathan Van Buren ("Defendant") and Andrew Albo ("Albo"). For the reasons set forth below, the government respectfully requests that this Court conditionally admit the audio-recorded conversations between defendant Nathan Van Buren and Andrew Albo.

### PRELIMINARY STATEMENT

The government respectfully requests that this Court conditionally admit audio-recorded conversations between Defendant and Albo. During the trial, the Government seeks to admit relevant evidence pertaining to the charges set forth in

1

the indictment. The evidence includes audio-recorded conversations between Defendant and Albo. Specifically, the recorded conversations evidence and detail the Defendant's scheme to defraud and deprive the citizens of the City of Cumming, Georgia, and the Cumming Police Department of the intangible right of his honest services. While the conversations provide detailed and relevant evidence of Defendant's crimes, Albo no longer resides in the United States and will be unavailable to offer testimony regarding his conversations and interactions with Defendant. In light of Albo's absence, the Government intends to authenticate the recordings through FBI Special Agent Brent Hervey's testimony.

## STATEMENT OF FACTS

In 2015, after receiving information from the Cumming Police Department, agents of the FBI Public Corruption Squad, particularly, FBI Agent Brent A. Hervey and Georgia Bureau of Investigation ("GBI") Agent Rocky Bigham, on assignment to the squad, investigated allegations that Defendant, a Sergeant in the Cumming Police Department, was seeking to obtain money from an arrestee, Andrew Albo. The agents contacted Andrew Albo and his attorney and Albo agreed to work with authorities.

During the course of the investigation, agents recorded telephone calls and in-person meetings between Defendant and Andrew Albo. The calls and meetings were

recorded using an audio recorder owned by the FBI and operated by agents. Agents were present and operated recording device during recorded telephone calls between Defendant and Albo. Agents also operated device that recorded meetings between Defendant and Albo by turning on the device before the meeting and turning off the device immediately after the meetings. The recording device captured all communications between Defendant and Albo without interruption or equipment malfunction. Agents had multiple interactions with Defendant and Albo, both in-person and over the telephone, and can readily identify, with certainty, that Defendant and Albo were indeed the relevant parties to all audio-recorded conversations.

## LEGAL DISCUSSION

Evidence that is central to the prosecution's case should not lightly be excluded. *See United States v. Troya*, 733 F.3d 1125, 1131 (11th Cir. 2013). Accordingly, Federal Rules of Evidence 401 and 402 establish that relevant evidence is admissible at trial except as otherwise provided by the United States Constitution, by federal statute, or by the Rules. *See* Fed. R. Evid. 401, 402; *United States v. Stanback*, 454 Fed. Appx. 741, 744 (11th Cir. 2011). Relevant evidence is evidence that has any tendency to make the existence of any fact more or less probable than it would otherwise be without the evidence. *See* Fed. R. Evid. 401; *Troya*, 733 F.3d

at 1131. Additionally, authentication is an aspect of relevancy and is central to the admissibility of audio recordings. Fed. R. Evid. 901(a), Advisory Committee's Notes.

Furthermore, the trial judge has broad discretion to admit as evidence recordings to be played before the jury. *See United States v. Cox*, 544 Fed. Appx. 908, 911 (11th Cir. 2013). To aid with the admissibility inquiry, Rules 901 and 104(b) of the Federal Rules of Evidence provide a framework for the preliminary admission of recordings. *See* Fed. R. Evid. 901 and 104(b). The Rules state that while the authenticity of a recording is ultimately a conditional jury decision of fact, the trial judge may admit evidence conditioned on fact upon "the introduction of evidence sufficient to support a finding of the fulfillment of the condition." *See id.* The Advisory Committee's Notes to Rule 104(b) expand upon the purpose of the Rule and clarify that "[t]he judge makes a preliminary determination whether the foundation evidence is sufficient to support a finding of fulfillment of the condition. If so, the item is admitted." Fed. R. Evid. 104, Advisory Committee's Notes. Together, Rules 901 and 104(b) function to provide that upon the establishment of evidence sufficient to support a finding that the content of the recording in question is what its proponent claims, the requirements of authentication or identification are satisfied, and the recordings are admissible. *See* Fed. R. Evid. 901(a), 104(b).

Accordingly, the party introducing audio recordings into evidence has the burden of presenting sufficient evidence to show that a recording is an authentic representation of a conversation. *See United States v. Sarro*, 742 F.2d 1286, 1292 (11th Cir. 1984). The Eleventh Circuit standard for authentication ordinarily requires the proponent to show "(1) the competency of the operator; (2) the fidelity of the recording equipment; (3) the absence of material deletions, additions, or alterations in the relevant part of the tape; and (4) the identification of the relevant speakers." *Id.* (citing *United States v. Biggins*, 551 F.2d 64, 66 (1977)).

While the four pronged standard is ordinarily applied, a trial judge's "discretion to admit the evidence is not to be sacrificed to a formalistic adherence to the standard," and other circumstantial evidence of reliability can satisfy the standard. *Sarro*, 742 F.2d at 1292. Similarly, Federal Rule of Evidence 901(b) provides a non-exhaustive list of examples of evidence that satisfy the authentication or identification requirement including, in relevant part:

> (1) Testimony of a Witness with Knowledge. Testimony that an item is what it is claimed to be.
>
> (4) Distinctive Characteristics and the Like. The appearance, contents, substance, internal patterns, or other distinctive characteristics of the item, taken together with all the circumstances.

> (5) Opinion About a Voice. An opinion identifying a person's voice--whether heard firsthand or through mechanical or electronic transmission or recording--based on hearing the voice at any time under circumstances that connect it with the alleged speaker.
>
> (6) Evidence About a Telephone Conversation. For a telephone conversation, evidence that a call was made to the number assigned at the time to: (A) a particular person, if circumstances, including self-identification, show that the person answering was the one called; or (B) a particular business, if the call was made to a business and the call related to business reasonably transacted over the telephone.
>
> (9) Evidence About a Process or System. Evidence describing a process or system and showing that it produces an accurate result.

Fed. R. Evid. 901(b). Further, and in the context of recordings, federal courts have held that witness testimony can satisfy the requirements of the Federal Rules of Evidence so long as the witness testifies as to the type of equipment used, its reliability, the quality of the recorded product, the process by which it was focused, or the general reliability of the entire system. *See United States v. Taylor*, 530 F.2d 639, 641–42 (5th Cir.1976); *United States v. Rivera–Maldonado*, 194 F.3d 224, 237 (1st Cir.1999); *United States v. Sivils*, 960 F.2d 587, 597 (6th Cir.1992); *United

6

*States v. Rembert*, 863 F.2d 1023, 1028 (D.C.Cir.1988).

Additionally, courts have approved a variety of approaches to showing the authentication or identification of the relevant speaker where the proponent is unable to call a witness who actually participated in the recorded conversation. *United States v. Stephens*, 202 F.Supp.2d 1361, 1367-68 (N.D. Ga. 2002). In *Stephens*, the government intended to offer recordings of eight conversations between a confidential informant and the defendant detailing the defendant's involvement in methamphetamine trafficking. *See id.* at 1363. GBI agents were directly involved in the surveillance and supervised the recordings according to proper procedure. *See id.* The confidential informant, however, died un-expectantly before trial, and thus was unavailable to offer testimony regarding the authenticity of the conversations. *See id.* The government then moved for a pre-trial hearing regarding the admissibility of the surveillance tapes. *See id.* Despite the confidential informant's absence, the court, principally relying on the GBI agent's testimony, allowed admission of the recordings, "Given . . . the agents' close monitoring of each conversation . . ., and the lack of any apparent omissions or interruptions in the recordings, the agents testified that each recording truly and accurately depicted each communication between the CI and defendant." *Id.* Further, the court held that the GBI agents' personal identification of the voices in the recording was sufficient to

satisfy the identification prong of the flexible test. *See id* at 1369; *United States v. Green*, 40 F.3d 1167, 1173 (11th Cir. 1994) (holding that monitoring agents' identification of a speaker's voice satisfies the identification element). Therefore, a monitoring agents' testimony regarding the authenticity of recording equipment and identification of those directly involved in the recordings satisfies the preliminary admissibility requirements. *See e.g., Stephens*, 202 F.Supp.2d at 1368.

Here, the recordings in question satisfy both the traditional test adopted in the Eleventh Circuit by *Sarro*, and tests used to authenticate similar recordings. *See Sarro*, 742 F.2d at 1292. Given his close monitoring of the recording processes, familiarity with both Defendant and Albo, and past professional experience, Agent Hervey qualifies as a "monitoring agent" or "witness with knowledge." *See* Fed. R. Evid. 901(b)(1); *Stephens*, 202 F.Supp.2d at 1369. Accordingly, Agent Hervey's expected testimony regarding the recording equipment, procedures, and identity of the speakers will establish the competency of the operator, fidelity of the recording equipment, the absence of material alterations, and the identity of the relevant speakers. *See Sarro*, 742 F.2d at 1292. Agent Hervey's proffer regarding his supervision of the operation, personal involvement with the recording device, and his statements regarding Albo's capability to handle the equipment without fault indicates that there is little doubt as to the "competency of the operator." *See id.*

Further, the FBI with no instances of malfunction has used the recording equipment on multiple occasions. Accordingly, the "fidelity of the recording equipment" is undisputed. *See id.* Even more, the recordings have not been altered in any fashion.

Furthermore, Agent Hervey is readily able to identify Defendant and Albo as the speakers in the aforementioned recordings. Similar to the monitoring agent in *Stephens* and like the example listed in Rule 901(b), Agent Hervey's is capable of identifying, with certainty, the voices in the recordings and establishing the "identity of the relevant speakers." *See Stephens*, 202 F.Supp.2d at 1368.

## CONCLUSION

Therefore, the recordings are relevant under Rules 401 and 402, and the recordings are authentic as defined by the Eleventh Circuit and as illustrated under Rule 901. Given the aforementioned reasons, the recordings and testimony of SA Hervey are more than sufficient to "support a finding that [authenticity] exists." Fed. R. Evid. 104(b). Thus, the Court should conditionally admit the aforementioned recordings based on Agent Hervey's testimony.

Respectfully submitted,

JOHN A. HORN
UNITED STATES ATTORNEY

*/s/Jeffrey A. Brown*
JEFFREY A. BROWN
ASSISTANT UNITED STATES ATTORNEY
600 U.S. Courthouse
75 Spring St., S.W.
Atlanta, GA 30303
404/581-6064
404/581-6181 (fax)
Georgia Bar No. 088131

CERTIFICATE OF SERVICE

This is to certify that I have this day served upon the person listed below a copy of the foregoing document by filing same in the Court's electronic filing system, where it will be automatically served upon:

> Regina D. Cannon
> Federal Defender Program Inc.

Undersigned counsel also certifies that this motion has been prepared in Times New Roman 14 point font, in compliance with LR 5.1B, NDGa.

This 30th day of June, 2017.

/S/ Jeffrey A. Brown
JEFFREY A. BROWN
ASSISTANT UNITED STATES ATTORNEY