IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL CASE NO. |
| | 1:16-CR-00243-ODE-JFK-1 |
| NATHAN VAN BUREN | |

## NATHAN VAN BUREN'S REQUESTS TO CHARGE

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, Nathan Van Buren respectfully requests that this Court give the following jury instructions, numbered 1 through 16, at trial in the above-styled case.

It is further requested that the parties be allowed to propose additional instructions as they become appropriate based on trial testimony, and that they be informed prior to closing argument which instructions the Court will give the jury.

## DEFENDANT'S REQUEST TO CHARGE NO. 1

### The Duty to Follow Instructions and the Presumption of Innocence

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against Mr. Van Buren or the Government.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against a defendant isn't evidence of guilt. The law presumes every defendant is innocent. Mr. Van Buren does not have to prove [his] [her] innocence or produce any evidence at all. The Government must prove guilt beyond a reasonable doubt. If it fails to do so, you must find Mr. Van Buren not guilty.

ANNOTATIONS AND COMMENTS

Eleventh Circuit Pattern Jury Instruction, Basic Instruction 2.1

## DEFENDANT'S REQUEST TO CHARGE NO. 2

### Burden of Proof

Mr. Van Buren pleaded "not guilty" to the charges in the indictment.  That plea puts in issue each of the essential elements of the offenses as described in these instructions, and imposes on the Government the burden of establishing each of these elements by proof beyond a reasonable doubt.

ANNOTATIONS AND COMMENTS

Devitt and Blackmar, Vol. I, § 19.01 (4th ed.)

## DEFENDANT'S REQUEST TO CHARGE NO. 3

### Definition of "Reasonable Doubt"

The Government's burden of proof is heavy, but it doesn't have to prove a Defendant's guilt beyond all <u>possible</u> doubt. The Government's proof only has to exclude any "reasonable doubt" concerning Mr. Van Buren's guilt.

A "reasonable doubt" is a real doubt, based on your reason and common sense after you've carefully and impartially considered all the evidence in the case.

"Proof beyond a reasonable doubt" is proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own affairs. If you are convinced that Mr. Van Buren has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

<u>ANNOTATIONS AND COMMENTS</u>

Eleventh Circuit Pattern Jury Instruction, Basic Instruction 3

## DEFENDANT'S REQUEST TO CHARGE NO. 4

### Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

<u>ANNOTATIONS AND COMMENTS</u>

Eleventh Circuit Pattern Jury Instruction, Basic Instruction 4

## DEFENDANT'S REQUEST TO CHARGE NO. 5

### Credibility of Witnesses

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence?

ANNOTATIONS AND COMMENTS

Eleventh Circuit Pattern Jury Instruction, Basic Instruction 5

**DEFENDANT'S REQUEST TO CHARGE NO. 6**

**Government Employee/Agent Witness**

Because a particular witness may be an employee of a Governmental agency, that does not mean that his testimony is deserving of any special consideration or any greater weight by reason of that fact. It is quite legitimate for counsel to attack or question the credibility of a Government employee on the ground that his testimony may be colored by personal or professional interest in the outcome of this case.

ANNOTATIONS AND COMMENTS

*Bush v. United States*, 375 F.2d 602, 605, n. 6 (D.C. Cir. 1967).

*United States v. Masino*, 275 F.2d 129 (2d Cir. 1960).

Third Circuit Court of Appeals Model Jury Instruction No. 4.18 (Oct. 2016)

## DEFENDANT'S REQUEST TO CHARGE NO. 7

### Impeachment of Witnesses Because of Inconsistent Statements

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

ANNOTATIONS AND COMMENTS

Eleventh Circuit Pattern Jury Instruction, Basic Instruction 6.1

## DEFENDANT'S REQUEST TO CHARGE NO. 8

### Impeachment of Witness Because of Bad Reputation for
### (or Opinion about) Truthfulness

There may also be evidence tending to show that a witness has a bad reputation for truthfulness in the community where the witness resides, or has recently resided; or that others have a bad opinion about the witness's truthfulness.

You may consider reputation and community opinion in deciding whether to believe or disbelieve a witness.

ANNOTATIONS AND COMMENTS

Eleventh Circuit Pattern Jury Instruction, Basic Instruction 6.7

**DEFENDANT'S REQUEST TO CHARGE NO. 9**

**Confession or Statement of a Single Defendant**

If the Government offers evidence that a Defendant made a statement or admission to someone after being arrested or detained, you must consider that evidence with caution and great care.

You must decide for yourself (1) whether Mr. Van Buren made the statement, and (2) if so, how much weight to give to it. To make these decisions, you must consider all the evidence about the statement – including the circumstances under which it was made.

ANNOTATIONS AND COMMENTS

Eleventh Circuit Pattern Jury Instruction, Special Instruction 2.1

*See United States v. Clemons*, 32 F.3d 1504, 1510 (11th Cir. 1994).

## DEFENDANT'S REQUEST TO CHARGE NO. 10

### On or About a Particular Date; Knowingly

You'll see that the indictment charges that a crime was committed "on or about" a certain date. The Government doesn't have to prove that the offense occurred on an exact date. The Government only has to prove beyond a reasonable doubt that the crime was committed on a date reasonably close to the date alleged.

The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident.

ANNOTATIONS AND COMMENTS

Eleventh Circuit Pattern Jury Instruction, Basic Instruction 9.2

## DEFENDANT'S REQUEST TO CHARGE NO. 11

### Caution: Punishment
### (Single Defendant, Multiple Counts)

Each count of the indictment charges a separate crime. You must consider each crime and the evidence relating to it separately. If you find Mr. Van Buren guilty or not guilty of one crime, that must not affect your verdict for any other crime.

I caution you that Mr. Van Buren is on trial <u>only</u> for the specific crimes charged in the indictment. You are here to determine from the evidence in this case whether Mr. Van Buren is guilty or not guilty of those specific crimes.

You must never consider punishment in any way to decide whether Mr. Van Buren is guilty. If you find Mr. Van Buren guilty, the punishment is for the Judge alone to decide later.

ANNOTATIONS AND COMMENTS

Eleventh Circuit Pattern Jury Instruction, Basic Instruction 10.2

## DEFENDANT'S REQUEST TO CHARGE NO. 12

### Testimony of Accomplice, Informer, or Witness with Immunity

You must consider some witnesses' testimony with more caution than others.

For example, paid informants, witnesses who have been promised immunity from prosecution, or witnesses who hope to gain more favorable treatment in their own cases, may have a reason to make a false statement in order to strike a good bargain with the Government.

So while a witness of that kind may be entirely truthful when testifying, you should consider that testimony with more caution than the testimony of other witnesses.

ANNOTATIONS AND COMMENTS

Eleventh Circuit Pattern Jury Instruction, Special Instruction 1.1

## DEFENDANT'S REQUEST TO CHARGE NO. 13

### Good-Faith Defense to Willfulness

Good-Faith is a complete defense every charge in the indictment in which willfulness is an essential part of the charge, since good-faith on the part of Mr. Van Buren is inconsistent with willfulness. If Mr. Van Buren acted in good faith, sincerely believing himself to be exempt by the law, then Mr. Van Buren did not intentionally violate a known legal duty – that is, Mr. Van Buren did not act "willfully." The burden of proof is not on Mr. Van Buren to prove good-faith intent because Mr. Van Buren does not need to prove anything. The Government must establish beyond a reasonable doubt that Mr. Van Buren acted willfully as charged.

Intent and motive must not be confused. "Motive" is what prompts a person to act. It is why the person acts.

"Intent" refers to the state of mind with which the act is done.

If you find beyond a reasonable doubt that Mr. Van Buren specifically intended to do something that is against the law and voluntarily committed the acts that make up the crime, then the element of "willfulness" is satisfied, even if Mr. Van Buren believed that violating the law was [religiously, politically, or morally] required or that ultimate good would result.

ANNOTATIONS AND COMMENTS

Eleventh Circuit Pattern Jury Instruction, Special Instruction 9

## DEFENDANT'S REQUEST TO CHARGE NO. 14

### Good-Faith Defense

"Good faith" is a complete defense to a charge that requires intent to defraud. A defendant isn't required to prove good faith. The Government must prove intent to defraud beyond a reasonable doubt.

An honestly held opinion or an honestly formed belief cannot be fraudulent intent – even if the opinion or belief is mistaken. Similarly, evidence of a mistake in judgment, an error in management, or carelessness can't establish fraudulent intent.

But an honest belief that a business venture would ultimately succeed doesn't constitute good faith if Mr. Van Buren intended to deceive others by making representations Mr. Van Buren knew to be false or fraudulent.

ANNOTATIONS AND COMMENTS

Eleventh Circuit Pattern Jury Instruction, Special Instruction 17

## DEFENDANT'S REQUEST TO CHARGE NO. 15

**Wire Fraud:
Depriving Another of an Intangible
Right of Honest Services
18 U.S.C. §§ 1343 and 1346
Public Official/Public Employee**

It's a Federal crime to use interstate wire, radio, or television communications to carry out a scheme to fraudulently deprive someone else of a right to honest services.

Mr. Van Buren can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1)   Mr. Van Buren knowingly devised or participated in a scheme to fraudulently deprive the public of the right to honest services of Mr. Van Buren through bribery or kickbacks;

(2)   Mr. Van Buren did so willfully and with an intent to defraud the public of the right to Mr. Van Buren's honest services; and

(3)   Mr. Van Buren transmitted or caused to be transmitted by [wire] [radio] [television] some communication in interstate commerce to help carry out the scheme to defraud.

A "scheme" means any plan or course of action intended to deceive or cheat someone.  The "intent to defraud" is the specific intent to deceive or cheat someone, usually for personal financial gain or to cause financial loss to someone else.

To "deprive someone else of the right of honest services" is to violate a duty to provide honest services to the public by participating in a bribery or kickback scheme.

17

Public officials and public employees have a duty to the public to provide honest services.  If an [official] [employee] does something or makes a decision that serves the [official's] [employee's] personal interests by taking or soliciting a bribe or kickback, the official or employee defrauds the public of honest services, even if the public agency does not suffer any monetary loss.

Bribery and kickbacks involve the exchange of a thing or things of value for an official act by a public official.    Bribery and kickbacks also include solicitations of things of value in exchange for an official act, even if the thing of value is not accepted or the official act is not performed.    That is, bribery and kickbacks include the public [official's] [employee's] solicitation or agreement to accept something of value, whether tangible or intangible, in exchange for an official act, whether or not the payor actually provides the thing of value, and whether or not the public official or employee ultimately performs the requested official act or intends to do so.

To qualify as an official act, the public official must have [made a decision or taken an action] [agreed to make a decision or take an action] on a question, matter, cause, suit, proceeding, or controversy.  Further, the question, matter, cause, suit, proceeding, or controversy must involve the formal exercise of governmental power. It must be similar in nature to a lawsuit before a court, a determination before an agency, or a hearing before a committee.  It must also be something specific which requires particular attention by a public official.

The public official's [decision or action] [agreement to make a decision or take an action] on that question, matter, cause, suit, proceeding, or controversy may include using his official position to exert pressure on another official to perform an official act, or to advise another official, knowing or intending that such advice will form the basis for an official act by another official.  But setting up a meeting, talking to another official, or organizing an event (or agreeing to do so) – without more – is not an official act.

[It is not necessary that the public official *actually* make a decision or take an action.  It is enough that he agrees to do so.  The agreement need not be explicit, and the public official need not specify the means he will use to perform his end of the bargain.  Nor must the public official in fact intend to perform the official act, so long as he agrees to do so.]

The Government does not have to prove all the details alleged in the indictment about the precise nature and purpose of the scheme.  It also doesn't have to prove that the material transmitted by interstate [wire] [radio] [television] was itself false or fraudulent; or that using the [wire] [radio] [television] was intended as the specific or exclusive means of carrying out the alleged fraud; or that Mr. Van Buren personally made the transmission over the [wire] [radio] [television].  And it doesn't have to prove that the alleged scheme actually succeeded in defrauding anyone.

To "use" interstate [wire] [radio] [television] communications is to act so that something would normally be sent through wire, radio, or television communications in the normal course of business.

Each separate use of the interstate [wire] [radio] [television] communications as part of the scheme to defraud is a separate crime.

ANNOTATIONS AND COMMENTS

Eleventh Circuit Pattern Jury Instruction, Offense Instruction 50.2, *modified to incorporate elements of mail fraud contained in* Eleventh Circuit Pattern Jury Instruction, Offense Instruction 51.

## DEFENDANT'S REQUEST TO CHARGE NO. 16

### Computer Fraud:
### Unauthorized Access of Protected Computer
### 18 U.S.C. § 1030(a)(2)(C) and (c)(2)(B)(i)

It's a Federal crime to intentionally access a computer in excess of authorized access and obtain information from a protected computer.

Mr. Van Buren can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1) Mr. Van Buren intentionally accessed a computer in a way or to an extent beyond the permission given; and

(2) Mr. Van Buren got information from the computer;

(3) the information obtained by Mr. Van Buren was from a protected computer; and

(4) the offense was committed for purposes of commercial advantage or private financial gain.

The term "computer" includes any high-speed data-processing device that can perform logical, arithmetic, or storage functions, including any data-storage facility or communications facility that is directly related to or operates in conjunction with the device.

To access a computer "in a way or to an extent beyond the permission given" is to use authorized access to get or change information that the person is not permitted to get or change.

The term "protected computer" means a computer that is used in interstate or foreign commerce or communication, including a computer located outside the United States that is used in a manner that affects interstate or foreign commerce or communications of the United States.

The term "interstate commerce" refers to any transaction or event that involves travel, trade, transportation or communication between a place in one state and a place in another state.

"For purposes of commercial advantage or private financial gain" means that Mr. Van Buren acted with the purpose or intent to obtain some commercial or business benefit, or that he intended to personally obtain some financial benefit by his actions. It is not necessary for the government to prove that any advantage, profit, or gain was actually realized, or even that such advantage, profit, or gain was possible. It is sufficient that the government prove that Mr. Van Buren acted for the purpose of obtaining a business or a financial benefit as the result of his actions.

ANNOTATIONS AND COMMENTS

Modified from Eleventh Circuit Pattern Jury Instruction, Offense Instructions 42.2 and 42.3;

Fourth Circuit Pattern Jury Instruction for 18 U.S.C. § 1030.

*See United States v. Steele*, 595 F. App'x. 208 (4th Cir. 2014) (unpublished).

Dated: This 23rd day of October, 2017.

Respectfully Submitted,

*/s/ Rebecca Shepard*
REBECCA SHEPARD
Georgia Bar No. 780692
Attorney for Nathan Van Buren

*/s/ Regina D. Cannon*
REGINA CANNON
Georgia Bar No. 679569
Attorney for Nathan Van Buren

Federal Defender Program, Inc.
Centennial Tower, Suite 1500
101 Marietta Street, N.W.
Atlanta, Georgia 30303
(404) 688-7530; Fax (404) 688-0768
Rebecca_Shepard@fd.org
Regina_Cannon@fd.org

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing Requests to Charge has been formatted in Times New Roman 14 pt., in accordance with Local Rule 5.1B, and was electronically filed this day with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following counsel of record:

Jeffrey Aaron Brown, Esq.
Assistant United States Attorney
Suite 600, Richard B. Russell Building
75 Ted Turner Drive, S.W.
Atlanta, Georgia 30303

Dated: This 23rd day of October, 2017.


*/s/ Rebecca Shepard*
REBECCA SHEPARD
Attorney for Nathan Van Buren


Federal Defender Program, Inc.
Centennial Tower, Suite 1500
101 Marietta Street, N.W.
Atlanta, Georgia 30303
(404) 688-7530; Fax (404) 688-0768
Rebecca_Shepard@fd.org