IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION |
| v. | : | |
| | : | NO. 1:16-CR-243-ODE-JFK |
| NATHAN VANBUREN | : | |

**GOVERNMENT'S SUPPLEMENTAL REQUEST TO CHARGE**

Comes now the United States of America, by Byung J. Pak, United States Attorney for the Northern District of Georgia, and Jeffrey A. Brown, Assistant United States Attorney, and hereby requests the following supplemental jury charge. The United States also seeks permission to file additional requests at the close of the evidence to address issues not now apparent.

Respectfully submitted,

BYUNG J. PAK
UNITED STATES ATTORNEY

/s/JEFFREY A. BROWN
ASSISTANT UNITED STATES ATTORNEY
600 U.S. Courthouse
75 Spring St., S.W.
Atlanta, GA   30303
(404) 581-064
(404) 581-6181 (Fax)
Georgia Bar No. 088131
Jeff. A. Brown@usdoj.gov

**GOVERNMENT'S SUPPLEMENTAL REQUEST TO CHARGE NO. 1**

<u>Government's Proposed Jury Instruction for "Official Act"</u>

<u>(Honest Services Wire Fraud)</u>

The term "official act" means any decision or action on any question or matter, which may at any time be pending, or which may by law be brought before any public official or public employee, in such public official's or public employee's official capacity, or in such official's or employee's place of trust or profit.  This has two parts to it.

First, the question or matter must be specific and focused and involve a formal exercise of governmental power.  In this case, the charge is that the question or matter is using the GCIC law enforcement database to run a license tag number.

Second, the public official or public employee must make (or agree to make) a decision or take (or agree to take) an action on that question or matter. A decision or action on a qualifying step for a question or matter, would qualify as an official act.  An official act also includes a public official exerting pressure on another official to perform an official act, or providing advice to another official, knowing or intending that such advice will form the basis for an official

act by another official.

Setting up a meeting, hosting an event, or talking to another official, without more, does not qualify as a decision or action on a question or matter. Simply expressing support at a meeting, event, or call—or sending a subordinate to such a meeting, event, or call—similarly does not qualify as a decision or action on a question or matter, as long as the official or employee does not intend to exert pressure on another official or employee to provide advice, knowing or intending such advice to form the basis for an official act.   You may consider all of the evidence in the case, including the nature of the transaction, in determining whether the conduct involved an official act.

In order to satisfy the elements of bribery, however, the public official or public employee need not actually perform an official act, or even intend to do so.   When the defendant is a public official or public employee charged with receiving a bribe, it is sufficient if the public official or employee agree to perform an official act in exchange for a thing of value.   This agreement need not be explicit, and the public official or employee need not specify the means that he will use to perform his end of the bargain.   You may, for example, conclude that an agreement was reached if the evidence shows that the public official or employee received a thing of value knowing that it was given with the

expectation that the official would perform an official act in return.

Adapted from 18 U.S.C. § 201(a)(3); *McDonnell v. United States*, 579 U.S. ___, slip op. at 19-21 (2016).

CERTIFICATE OF SERVICE

This is to certify that I have this day served upon the person listed below a copy of the foregoing document electronically to:

>Regina Cannon
>Federal Defender Program

This 25th day of October, 2017.

>/s/Jeffrey A. Brown
>JEFFREY A. BROWN
>ASSISTANT UNITED STATES ATTORNEY