IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL DOCKET CASE # |
| v. | 1:16-CR-243-ODE-JFK |
| NATHAN VAN BUREN | |

## AMENDED MOTION FOR NEW TRIAL

The Defendant, NATHAN VAN BUREN, by and through his undersigned counsel, hereby moves this Court, pursuant to Rule 33 of the Federal Rules of Criminal Procedure, for a new trial in the above captioned case.[1]  In support of this Motion, Mr. Van Buren offers the following:

Rule 33 provides: "Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Cr. P. 33(a).  For a timely filed motion for new trial, the Court "has very broad discretion in deciding whether there has been a miscarriage of justice." *United States v. Schlei*, 122 F.3d 944, 990-91 (11th Cir. 1997).  Mr. Van Buren should be granted a new trial because he was prejudiced by inadequate and incorrect instruction having been

---

[1] Mr. Van Buren previously filed a timely Motion for New Trial, asking for the opportunity to review the relevant transcript portions and thereafter perfect the motion. (Doc. 89).  This Court granted that request, and allowed for additional time. (Docs. 90, 97, 98).  This amended motion perfects his earlier motion.

provided to the jury on the honest services fraud count, and because the evidence at trial was insufficient to support conviction.

## Honest Services Fraud Jury Instruction

Mr. Van Buren was charged, in Count 1, with defrauding the citizens of Cumming, Georgia, and the Cumming Police Department ("CPD"), of the intangible right of his honest services through bribery and the concealment of material information.  (Doc. 37).  The theory of the prosecution was that Mr. Van Buren, a CPD officer, had looked up on the GCIC database the name of an individual associated with a license plate number, at the request of Cumming resident Andrew Albo, and that Mr. Albo had paid Mr. Van Buren $1,000 in exchange.

Regarding Count 1, Mr. Van Buren requested that the jury be given the current relevant Eleventh Circuit Pattern Jury Instruction, modified to reflect that the honest services fraud charged was wire fraud, rather than mail fraud.  (Doc. 70 at 17-20, Defendant's Request to Charge No. 15).  Mr. Van Buren's requested instruction modified Eleventh Circuit Pattern Jury Instruction, Offense Instruction 50.2 to incorporate the elements of wire fraud contained in Offense Instruction 51.  The Government initially requested a modification of an older version Eleventh Circuit Pattern Jury Instruction, Offense Instruction 50.2.  (Doc. 69 at 16-18, Government's Request to Charge No. 12).  The older version of Instruction 50.2 submitted by the Government predated the Supreme Court's ruling in *McDonnell v. United States*,

136 S. Ct. 2355 (2016), which set limits on what qualifies as an "official act" by a public official.[2]  The current version of Instruction 50.2 submitted by Mr. Van Buren reflected the current state of the law after *McDonnell*, particularly in the instructions regarding what is an "official act."

The government, apparently recognizing that its proposed jury instruction did not incorporate *McDonnell*, but not aware of the most recent, post-*McDonnell* version of pattern Instruction 50.2, submitted a supplemental request to charge at the charge conference.  In its supplemental request to charge, the government crafted additional instruction as to what constituted an "official act."  Thus, the government proposed to give an old version of Instruction 50.2 that did not reflect the law on "official act" following *McDonnell* paired with a self-crafted instruction on "official act," while Mr. Van Buren proposed to give the current Eleventh Circuit Pattern Instruction 50.2.[3]

Mr. Van Buren objected to the proposed "official act" instruction crafted by the government.  Mr. Van Buren argued that the government's drafted instruction

---

[2]  There was initially confusion at the charge conference in discussing the government's proposed instruction no. 12, because it appeared to be a significant modification of the pattern instruction.  Upon further discussion, it was revealed that the government's instruction no. 12 was based upon the outdated version of the pattern instruction.

[3]  The parties agreed that the honest services instruction should reflect that the allegation was for wire fraud, not mail fraud, and all proposed instructions were modified to include language about wire fraud rather than mail fraud.

did not accurately reflect the law following *McDonnell*, whereas the current Instruction 50.2 was an accurate statement of the law.  Mr. Van Buren argued that the government's crafted "official act" instruction: (1) discussed the specific facts of the *McDonnell* case, which were not relevant or appropriate here and would confuse the jury; (2) omitted key provisions of the Supreme Court's ruling about what constituted an "official act" in an honest services fraud case; and (3) was worded in a way that implied that using the GCIC database was an official act, when that was a question for the jury to decide.  The current pattern instruction addressing "official act" requested by Mr. Van Buren included the rule set forth in *McDonnell*:

> To qualify as an official act, the public official must have made a decision or taken an action, or agreed to make a decision or take an action on a question, matter, cause, suit, proceeding, or controversy. Further, the question, matter, cause, suit, proceeding, or controversy must involve the formal exercise of governmental power.  It must be similar in nature to a lawsuit before a court, a determination before an agency, or a hearing before a committee.  It must also be something specific which requires particular attention by a public official.

> The public official's decision or action, or agreement to make a decision or take an action, on that question, matter, cause, suit, proceeding, or controversy may include using his official position to exert pressure on another official to perform an official act, or to advise another official, knowing or intending that such advice will form the basis for an official act by another official.  But setting up a meeting, talking to another official, or organizing an event or agreeing to do so— without more—is not an official act.

The Court ruled that it would give the government's crafted "official act" instruction, with certain portions omitted.  Ultimately, the Court's instruction as to

what constitutes an "official act" was broader and more generic than both the ruling in *McDonnell* and the pattern instruction.[4]

The jury instructions on honest services fraud and what constitutes an "official act" were an incorrect statement of the law, and were detrimental to Mr. Van Buren's defense.   In *McDonnell*, the Supreme Court reversed convictions in an honest services bribery case because the jury instructions failed to adequately limit the term "official act."   Honest services fraud requires, and does not extend beyond, bribery and kickback schemes.   *United States v. Aunspaugh*, 792 F.3d 1302, 1306 (2015); *Skilling v. United States*, 130 S. Ct. 2896 (2010).   By definition, bribery and kickbacks involve the exchange of a thing or things of value for an *official act* by a public official.   "Official act" is not any action performed by a public official while on the clock: it has a specific legal definition.

In *McDonnell*, the Court refined and narrowed what conduct constitutes an official act, as meant in a federal honest services fraud prosecution.   Federal statute defines an official act as "any decision or action on any question, matter, cause, suit, proceeding or controversy, which may at any time be pending, or which may by law be brought before any public official, in such official's official capacity, or in such

---

[4] The instruction given to the jury was not verbatim from the government's charge request, and written instructions were not provided to the parties.   Mr. Van Buren has requested the portion of the trial transcript including the instruction given to the jury for the consideration of the Court and the parties, and will supplement this motion with more particulars once the transcript has been prepared.

official's place of trust or profit."   18 U.S.C. § 201(a)(3).   The Court rejected the government's urging to take an expansive view of what qualifies as an official act. *McDonnell*, 136 S. Ct. at 2368.   Specifically, the government argued that nearly any activity by a public official qualified as related to a "question or matter," but the Court rejected that argument, instead holding that "question or matter" must be defined in relation to the other words in the statute—cause, suit, proceeding, and controversy.  *Id*.  Taken together, the Court held that these terms "connote a formal exercise of governmental power, such as a lawsuit, hearing, or administrative decision."  *Id*.  And that question, matter, cause, suit, proceeding, or controversy must be "pending" or "may by law be brought," which further circumscribes the realm of what qualifies as an official act.  *Id*. at 2369.  "To qualify as an 'official act,' the public official must make a decision or take an action on that 'question, matter, cause, suit, proceeding or controversy,' or agree to do so."  *Id*. at 2372.  The instruction given to the jury at Mr. Van Buren's trial was far broader than is permitted by *McDonnell*.

Because the jury was not given accurate legal instruction to allow it to resolve the critical question whether the conduct at issue here was an official act, the interest of justice requires the Court to grant a new trial and provide additional instruction on this point of law to the jury at the next trial.  Mr. Van Buren was prejudiced by

the incorrect instruction.  Correct instruction would have compelled a verdict of not guilty on all charges.

## Sufficiency of the Evidence

A motion for new trial made on the ground that the verdict is contrary to the weight of the evidence or contrary to the interest of justice under Federal Rule of Criminal Procedure 33 is covered by a standard very different from a motion for judgment of acquittal notwithstanding the verdict. *See United States v. Martinez*, 763 F.2d 1297, 1312 (11th Cir. 1985).  This Court is not required to view the evidence in light most favorable to the verdict and may re-weigh the evidence and consider the credibility of witnesses. *Id*.; *United States v. Hernandez*, 433 F.3d 1328, 1335 (11th Cir. 2005).  However, the Court may not re-weigh evidence and set aside the verdict simply because it feels some other result would be more reasonable.  *Id*.  The evidence must preponderate heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand.  The *Hernandez* court explained:

> If the court concludes that, despite the abstract sufficiency of the evidence to sustain the verdict, the evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred, it may set aside the verdict, grant a new trial, and submit the issues for determination by another jury.

433 F.3d at 1335.

At trial, Mr. Van Buren made motions for judgment of acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure.  At that time, counsel discussed

in detail the insufficiency of the evidence to support conviction, namely, that the government had not presented evidence to support the honest services fraud charge. In order to meet its burden on that charge, the government must identify: (1) a question, matter, cause, suit, proceeding, or controversy; and (2) that the public official made a decision or took an action *on* that question, matter, cause, suit, proceeding, or controversy. *McDonnell*, 136 S. Ct. 2355. The government did neither.

Mr. Van Buren asks that the Court grant a new trial, because the evidence preponderates heavily against a verdict of guilty on the honest services fraud count. In this context, the Court is not bound to view the evidence in the light most favorable to the government. And there are substantial deficiencies in the evidence on important points. The evidence does not allow for a finding beyond a reasonable doubt that there was any ongoing question, matter, cause, suit, proceeding, or controversy. The evidence also does not support a finding that, by identifying a name associated with a license plate, Mr. Van Buren took any action or made a decision on any question, matter, cause, suit, proceeding, or controversy.

Notably, even prior to the decision in *McDonnell* limiting what qualifies as an "official act," a law enforcement officer merely looking up a license plate number in a state police database did not qualify as an "official act." In *Valdes v. United States*, the D.C. Circuit, sitting *en banc*, considered facts nearly identical to those

8

here: a police officer was approached by a CI and offered money in exchange for looking up license plate numbers in a state database.  *Valdes*, 475 F.3d 1319, 1321-22 (D.C. Cir. 2001 (*en banc*).  In *Valdes*, the facts were more egregious than those here: the police officer defendant looked up numerous license plates in exchange for money on multiple occasions, including contact information as well as whether the individual had a warrant.  He was charged with three counts of bribery, in violation of 18 U.S.C. § 201(b)(2)(A) and (C), and ultimately convicted.  *Id*.  Even under the broader definition of "official act" prior to *McDonnell*, a panel of the D.C. Circuit reversed the conviction on the basis that the police officer's action—looking up the license plates to obtain identification information—did not constitute an official act.  Upon rehearing *en banc*, the circuit court held that not every decision or action taken by a police officer is a qualifying official act under federal statute, if the action is not connected to an active or incipient investigation.  *Id*. at 1322-30.  And looking up a license plate in a state database, disconnected from any ongoing or anticipated case, did not qualify.

Now, with the binding precedent established by *McDonnell*, there can be no question that Mr. Van Buren's action—looking a single license plate number, unconnected from any ongoing question, matter, cause, suit, proceeding, or controversy, and certainly not constituting "taking action" on any question, matter, cause, suit, proceeding, or controversy—was not an official act.  As such, the

evidence was not sufficient to support conviction, and the Court should grant a new trial pursuant to Rule 33.

## **CONCLUSION**

WHEREFORE, Mr. Van Buren respectfully requests that this Court grant him a new trial pursuant to Rule 33.

Dated:  This 6th day of March, 2018.

Respectfully Submitted,

*/s/ Rebecca Shepard*
Rebecca Shepard
Georgia Bar No. 780692

*s/s Regina D. Cannon*
Regina D.Cannon, Esq.
Georgia Bar No. 679569

Attorneys for Mr. Van Buren

Federal Defender Program, Inc.
Suite 1500, Centennial Tower
101 Marietta Street, N.W.
Atlanta, Georgia 30303
(404) 688-7530
Rebecca_Shepard@fd.org
Regina_d_Cannon@fd.org

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing Defendant's Motion for New Trial has been formatted in Times New Roman 14pt., in accordance with Local Rule 5.1B, and was electronically filed this day with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to counsel of record:

Jeffrey Brown, Esq.
Assistant United States Attorney
600 Richard B. Russell Building
75 Ted Turner Drive, S.W.
Atlanta, Georgia  30303


Dated:  This 6th day of March, 2018


*s/ Rebecca Shepard*
Rebecca Shepard
Georgia Bar No. 780692